**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JOSEPH E. BENAC,

    Plaintiff,

v.                                 Case No.: 3:04cv460/MCR/EMT

WAL-MART STORES, INC.,

    Defendant.

_____/

**O R D E R**

    Pending before the court is Plaintiff's Motion To Remand (doc. 6), which Plaintiff argues should be granted because Defendant's Notice of Removal (doc. 1) fails to properly confer diversity jurisdiction on the court. First, Plaintiff argues that the Notice Of Removal is insufficient for its failure to show that the amount in controversy exceeds $75,000.00 and second, for its incorrect reference to Defendant's "primary place of business" as opposed to its "principal place of business". Plaintiff also argues that the case should be remanded because Defendant failed to file all state court pleadings with its Notice Of Removal.

    The party seeking removal bears the burden of establishing federal jurisdiction. <u>Williams v. Best Buy Company, Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). Where the complaint makes an unspecified claim for damages, as in this case, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." <u>Id</u>. In determining whether federal jurisdiction is present, the court may look to the complaint in isolation, or it may consider the facts stated in the notice of removal and may even require evidence in support of those facts, which may necessitate a period of discovery on the jurisdictional issue. <u>Id</u>.

    In this case, the court finds it appropriate, before considering the jurisdictional question further, to require the parties to submit evidence relevant to the amount in

controversy at the time the notice of removal was filed and will permit a brief period of discovery for that purpose.

The court is unpersuaded by Plaintiff's arguments regarding the technical deficiencies in Defendant's Notice Of Removal, both of which can be cured by amendment, as neither deficiency affects the substance of the jurisdictional allegations contained in the Notice Of Removal. Amendment of purely technical deficiencies in jurisdictional allegations is permissible under 28 U.S.C. § 1446 even after the thirty day removal period has expired. Miller v. Prudential Life Insurance Company, 189 F.Supp.2d 254, 258 (E.D. Pa. 2002); 14C CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3733 (3d ed. 1998); see 28 U.S.C. § 1653. The court finds that the deficiencies about which Plaintiff complains are purely technical.

Accordingly, it is hereby ORDERED,

1. The stay is lifted. Limited discovery on the amount in controversy in this case at the time of removal will be permitted for a period of thirty (30) days from today's date, following which time the parties may file such evidence either in support of or in opposition to the motion to remand. Any evidence must be filed within ten (10) days following the close of the discovery period.

2. Defendant will be permitted to amend its Notice Of Removal to cure the technical deficiencies noted in Plaintiff's Motion To Remand. The amendment must be filed within ten (10) days of this order.

**ORDERED** this 25th day of April, 2005.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No.: 3:04cv460/MCR/EMT