IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH E. BENAC,
        Plaintiff,

v.                                    Case No. 3:04cv460/MCR/EMT

WAL-MART STORES INC.,
        Defendant.

_____/

**O R D E R**

       This matter is before the court upon the District Judge's order of January 11, 2006, in which the matter of the award of costs and expenses to Defendant was remanded to the undersigned (Doc. 52). Also pending is Defendant's Affidavit in Support of an Award of Attorney's Fees (Doc. 51).

       On December 23, 2005, the undersigned entered an order denying Defendant's motion to compel discovery as moot and awarding Defendant reasonable expenses incurred in making the motion to compel, the motion for leave to reply to Plaintiff's response to the motion to compel, and the reply to Plaintiff's response (Doc. 46). The order further stated that if Defendant incurred expenses in retaining a licensed vocational rehabilitation expert and/or scheduling an examination with the expert, Defendant would be awarded reasonable expenses incurred in those endeavors (*id.*). Plaintiff objected to the award of expenses related to the vocational rehabilitation expert (Doc. 49), and that matter was referred to the District Judge. The District Judge sustained Plaintiff's objection, vacated the portion of the order awarding expenses related to hiring the expert, and remanded the matter to the undersigned for clarification and disposition of the issue regarding sanctions (Doc. 52).

       Upon review, this court concludes that Defendant remains entitled to expenses previously awarded, except those related to the vocational expert. Among other factors, this court has considered Federal Rule of Civil Procedure 37, which provides in pertinent part, as follows:

(a)  **Motion For Order Compelling Disclosure or Discovery**.  A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . .

(4)  **Expenses and Sanctions**.

(A)  If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In the instant case, this court concludes that Defendant made a good faith effort to obtain the disclosure without court intervention.  Additionally, Plaintiff was provided with an opportunity to respond to Defendant's motion to compel (*see* Doc. 33).  Moreover, it appears that Plaintiff failed to provide the requested discovery until two days after Defendant filed its motion to compel (*see* Doc. 50 at 3).  Notably, Plaintiff has conceded that "any delay in providing the supplementation [was] due solely to inadvertence and neglect of [Vincent M. D'Assaro,] Plaintiff's counsel, as opposed to any refusal or objection" (Doc. 35 at 5-6).  This court finds that inadvertence and neglect fail to substantially justify nondisclosure in the instant case and that no other circumstances exist that would make an award of expenses unjust.  Accordingly, Defendant will be awarded reasonable expenses incurred in making the motion to compel (Doc. 32), the motion for leave to reply to Plaintiff's response to the motion to compel (Doc. 38), and the reply to Plaintiff's response (Doc. 42).

The undersigned has carefully reviewed Defendant's Affidavit in Support of an Award of Attorney's fees and attachments (Doc. 51).  Based upon the District Judge's order (Doc. 52), no attorney's fees or expenses related to the vocational rehabilitation expert will be awarded.[1]  The

---

[1]The disallowed billing entries regarding the vocational rehabilitation expert are as follows: all entries dated November 1, 2005; all entries dated November 23, 2005; the entry dated November 25, 2005; the entry dated December 1, 2005; the entry dated December 14, 2005; and one entry dated December 15, 2005 regarding drafting a letter to the client about the decision not to use a vocational rehabilitation expert (*see* Doc 51, Exhibit A).  Further, expenses for reproduction of medical records will not be awarded (*see* Doc 51, Exhibit B).

undersigned finds that the remainder of the submitted expenses, except for two entries,[2] are reasonable, and Plaintiff shall be required to pay them as follows: 4.5 hours at $125.00/hour (JAT), .3 hours at $63.00/hour (SW), and 8 hours at $125.00/hour (MKH) for a total award of $1,581.40.

Accordingly, it is **ORDERED**:

Within **TEN (10) DAYS** from the date of docketing of this order, Plaintiff shall pay to Defendant the sum of **$1,581.40 (One thousand five-hundred eighty-one dollars and forty cents)** for expenses, including attorney's fees, incurred in making the motion to compel (Doc. 32), motion for leave to reply to Plaintiff's response to the motion to compel (Doc. 38), and the reply to Plaintiff's response (Doc. 42).

**DONE AND ORDERED** this 17th day of January 2006.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]The disallowed billing entries are as follows: a billing entry dated December 15, 2005 regarding drafting a letter to Plaintiff's counsel about a motion for leave and a billing entry dated December 15, 2005 regarding reviewing correspondence from Plaintiff's counsel that requested an agreement on the motion to dismiss count two of the complaint.

Case No.: 3:04cv460/MCR/EMT