**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

JOSEPH E. BENAC,

    Plaintiff,

v.                                    CASE NO.:  3:04cv460/MCR/EMT

WAL-MART STORES, INC.,

    Defendant.

_____/

**O R D E R**

    Defendant, Wal-Mart Stores, Inc. has filed a motion for summary judgment on the question of its liability for the wrongful acts of its employee in knowingly and willfully selling alcohol to the minor plaintiff, who was seriously injured in a motorcycle accident after consuming the alcohol.[1]  Wal-Mart argues it cannot be held vicariously liable for the unauthorized and illegal act of its employee because such conduct was not within the course and scope of the employee's employment with Wal-Mart.  Plaintiff, however, asserts that the conduct falls within the scope of the employee's job at Wal-Mart as a cashier.

    The undisputed facts show that during the spring of 2003, Plaintiff, Joseph Benac, visited Ft. Walton Beach, Florida with his friends for spring break.[2]  On the day of their arrival, Benac and his friends met Wal-Mart employee, Matthew Bet-Sayad and discussed with him their desire to have a party the following evening.  Bet-Sayad informed the members of the group that he worked as a cashier at Wal-Mart and if they wanted to

---

[1] The Wal-Mart employee was driving the motorcycle at the time of the accident.

[2] Plaintiff and his friends were on spring break from Indianapolis.

purchase alcohol they could come through his cashier line and he would pretend to inspect their identification at the time of the sale. The following evening plaintiff and other members of the group went to Wal-Mart, where Bet-Sayad sold them beer, which they later consumed at their party. At the time he made the sale, Bet-Sayad knew the plaintiff and other members of the group were under age and were purchasing the beer to drink at a party later in the evening. When Bet-Sayad got off work that evening he joined plaintiff and the other members of the group at the party and consumed alcohol with them. Sometime later that night or the next morning, Bet-Sayad and plaintiff were injured in a motorcycle accident in which Bet-Sayad was the driver. This law suit followed.

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). However, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986) (emphasis in original). A dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. A fact is "material" if it may affect the outcome of the case under the applicable substantive law. See id.

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the moving party's pleadings. Instead, the nonmoving party must respond by affidavits or otherwise and present specific allegations showing that there is a genuine issue of disputed fact for trial. Fed. R. Civ. P. 56(e). When assessing the sufficiency of the evidence, the court must view all the evidence, and all factual inferences reasonably drawn therefrom, in the light most favorable to the nonmoving party. See Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993). A mere scintilla of evidence in support of the nonmoving party's position will not suffice to demonstrate a

genuine issue of material fact and thereby preclude summary judgment. See Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the nonmoving party.

The sole question for the court on defendant's motion for summary judgment is whether as a matter of law the conduct of Wal-Mart's employee Matthew Bet-Sayad in selling alcohol to plaintiff and other minors, knowing them to be under the legal drinking age and for the purpose of facilitating their consumption of beer at a party later in the evening, was outside the course and scope of Bet-Sayad's employment with Wal-Mart. Under Florida law, an employer is not vicariously liable for the wrongful acts of its employee unless the acts occur within the real or apparent scope of the employment relationship.[3] City of Miami v. Simpson, 172 So.2d 435, 437 (Fla. 1965). Conduct is within the scope of employment only if (1) it was of a kind the employee was employed to perform, (2) it occurred within the time and space limitations of the employment, and (3) it was committed at least in part by a purpose to serve the employer's interests. Morrison Motor Company v. Manheim Services Corporation, 346 So.2d 102, 104 (Fla. 2d DCA 1977). If the employee steps aside from the employment relationship and commits an act for purely personal reasons unrelated to the employer's business, the employer is not vicariously liable. M.V. v. Gulf Ridge Council Boy Scouts of America, Inc., 529 So.2d 1248, 1249 (Fla. 2d DCA 1988). The convenient test is whether at the time of the incident the employee was doing what his employment contemplated. Morrison Motor Company, 346 So.2d at 104. As explained by the Florida courts,

> As a general rule under the principles of the common law, an employer is liable in damages for the wrongful act of his employee that causes injury to another person, if the wrongful act is done while the employee is acting within the apparent scope of his authority as such employee to serve the

---

[3] This case was removed from state court on diversity jurisdiction. Accordingly, this court is bound by decisions of the Florida Supreme Court. See Liberty Mutual Insurance Company v. Electronic Systems, Inc., 813 F.Supp. 802, 805 (S.D. Fla. 1993). In the event an issue arises which has not been addressed by the Florida Supreme Court, the court must apply decisions of the intermediate appellate courts in Florida, unless the court is confident the Florida Supreme Court would decide the matter differently. See id.

Case No.: 3:04cv460/MCR/EMT

> interests of the employer, even though the wrongful act also constitutes a crime not a homicide or was not authorized by, or was forbidden by, the employer, or was not necessary or appropriate to serve the interests of the employer, unless the wrongful act of the employee was done to accomplish his own purposes, and not to serve the interests of the employer. <u>Lay v. Roux Laboratories, Inc.</u>, 379 So.2d 451, 453 (Fla. 1st DCA 1980) (quoting, <u>Stinson v. Prevatt</u>, 94 So.2d 656, 657 (Fla. 1922)). ... However, an employee is not acting in the scope of employment if it can be found that the employee has 'stepped away' from the employer's business at the time of the infliction of the tort and that the motive was unrelated to the employee's duties, but rather was in furtherance of the employee's interests; then, the master cannot be held liable for the servant's act. <u>Id</u>.(quoting, <u>Martin v. United Securities Service, Inc.</u>, 373 So.2d 720 (Fla. 1st DCA 1979)).

The question of scope of employment is generally reserved for the jury. <u>City of Miami</u>, 172 So.2d at 437; <u>M.V.</u>, 529 So.2d at 1249.

Wal-Mart argues that Bet-Sayad's conduct in no way served Wal-Mart's interests because the conduct was illegal and in violation of an express Wal-Mart policy prohibiting the sale of alcohol by employees to minors. Wal-Mart, therefore, asks the court to find as a matter of law that Bet-Sayad acted outside the scope of his employment when he sold the alcohol to plaintiff and his friends because he did so for his own personal reasons unrelated to any business interest of Wal-Mart. Bet-Sayad's motive is not the sole test of Wal-Mart's liability, however. <u>See</u> <u>Weiss v. Jacobson</u>, 62 So.2d 904 906 (Fla. 1953). What is most significant is whether Bet-Sayad's conduct was of the type contemplated by his employment. <u>See id</u>. The fact that the conduct involved an unauthorized act, or even an illegal one, does not necessarily take the act outside the scope of employment. <u>See Hennagan v. Department of Highway Safety and Motor Vehicles</u>, 467 So.2d 748, 750-51 (Fla. 1st DCA 1985). As stated above, the salient factor for the court's consideration is whether the act, even if prohibited by policy or law, is of the same general character as that authorized or is incidental to the conduct authorized. <u>Id</u>.

At the time of the sale, Bet-Sayad was on-duty in the Wal-Mart store working as a cashier. His position as a cashier required him to facilitate the sale of items within the store, including alcohol. That is precisely what he did when he sold beer to plaintiff and his friends. The fact that this conduct was prohibited by a Wal-Mart policy and the law

does nothing to alter the general nature of the conduct, which involved Bet-Sayad acting as a cashier to sell Wal-Mart store items.  Moreover, the fact that Wal-Mart had a store policy prohibiting the sale of alcohol by employees to minors demonstrates that Wal-Mart contemplated this sort of conduct by its employees.  Additionally, the alcohol was in fact sold and money paid to Wal-Mart for the sale.  Under these facts the court cannot find as a matter of law that Bet-Sayad's conduct was outside the scope of his employment with Wal-Mart.  There is sufficient evidence which, if believed by a jury, would support a finding that Bet-Sayad was acting within the scope of his employment at the time the beer was sold.  See Rivas v. Nationwide Personal Security Corporation, 559 So.2d 668, 670 (Fla. 3d DCA 1990); Parsons v. Weinstein Enterprises, Inc., 387 So.2d 1044, 1046 (Fla. 3d DCA 1980); Dye v. Reichard, 183 So.2d 863, 864 (4th DCA 1966).

Accordingly, for the foregoing reasons Wal-Mart's Motion For Summary Judgment is DENIED.

**DONE and ORDERED** this 2nd day of May, 2006.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**